UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIC SCOTT,

                Plaintiff,

v.                                          Case No. 17-cv-1688-pp

CHRIS GOMES, *et al.*,

                Defendants.

---

**ORDER DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915. Dkt. Nos. 1-2. Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment without prepaying the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). "Strikes" include any prisoner action dismissed on any of the three enumerated grounds before or after the enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998) (citing Abdul–Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996)).

1

Court records show that the plaintiff has accumulated three strikes, including: (1) <u>Scott v. Clarke</u>, Case No. 17-cv-702-LA (E.D. Wis.); (2) <u>Scott v. Humphrey</u>, Case No. 17-cv-719-LA (E.D. Wis.); (3) and <u>Scott v. Buteyn</u>, Case. No. 17-cv-720-LA (E.D. Wis.). Accordingly, the court must deny the plaintiff's motion for leave to proceed without prepayment of the filing fee.[1]

If the plaintiff wants to proceed with this case, he must pay the full civil case filing fee of $400.00 (the $350.00 filing fee plus the $50.00 administrative fee) within forty-five days of the date of this order. <u>Newlin v. Helman,</u> 123 F.3d 429, 433–34 (7th Cir. 1997), rev'd on other grounds by <u>Walker v. O'Brien,</u> 216 F.3d 626 (7th Cir. 2000) and <u>Lee v. Clinton,</u> 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). The court **will dismiss** this case if it does not receive the full filing fee within forty-five days; that is, by the end of the day on **Friday, March 16, 2018.** If the court receives the full $400 fee by the end of the day on March 16, 2018, the court will screen his complaint under 28 U.S.C. §1915A.

The court **DENIES** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff shall forward to the Clerk of Court $400.00, in time for the court to receive it by the end of the day on March 16, 2018. Failure to pay the filing fee by the

---

[1] The plaintiff's complaint does not fall within the "imminent danger" exception under 28 U.S.C. §1915(g) because his claims involve a completed act of harm which dates back to May 4, 2015. <u>See</u> Dkt. No. 1 at 2-3.

end of the day on March 16, 2018 will result in the court dismissing the case.

Dated in Milwaukee, Wisconsin this 30th day of January, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**